IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          Criminal Action No. 5:08CR35
                                              (STAMP)
PATRICK ROBINSON,

      Defendant.


**ORDER CONFIRMING PRONOUNCED ORDER**
**GRANTING AS FRAMED MOTION BY DEFENSE COUNSEL**
**TO WITHDRAW AS ATTORNEY OF RECORD**

On July 18, 2008, defendant's court-appointed counsel, Arthur H. Baker, III, filed a motion to withdraw as attorney of record. In the motion, Mr. Baker indicates that the defendant requested Mr. Baker's withdrawal because the defendant is unhappy with the representation he has been receiving from current counsel. Separately, the defendant filed a letter with the Court, stating that counsel has not represented the defendant's interests fairly and that the defendant had previously asked counsel to withdraw, which counsel had refused to do.[1] On July 31, 2008, this Court held a hearing on the motion to withdraw as attorney of record.

---

[1] This letter has been docketed as a motion by the defendant to withdraw his attorney. To the extent that the letter constitutes a motion, it must be considered a hybrid motion (i.e., a motion filed by a defendant on his own behalf at a time when he is represented by counsel), and will therefore be denied. However, to the extent that the letter seeks to supplement the motion filed by Mr. Baker, this Court has considered the substance of the letter in determining whether to grant the motion to withdraw filed by Mr. Baker.

At the hearing, the defendant stated that he did not wish to proceed with Mr. Baker as his counsel because Mr. Baker refused to follow the defendant's instructions on the filing of certain motions and because Mr. Baker had not obtained a suitable plea offer from the government. The defendant further stated that he believed his family would be able to retain counsel on his behalf but that he was unsure when such retention could be effected.

When evaluating a defendant's motion for new counsel, a trial court must (1) consider the timeliness of the motion, (2) inquire thoroughly as to the factual basis of the defendant's dissatisfaction and (3) consider the extent of the breakdown in communication between the defendant and his counsel. <u>United States v. Mullen</u>, 32 F.3d 891, 895-97 (1994). A defendant's right to choose his attorney is not absolute. <u>Id.</u> (citing <u>Sampley v. Attorney General of North Carolina</u>, 786 F.2d 610, 612 (4th Cir.), <u>cert. denied</u>, 478 U.S. 1008 (1986)).

In this case, the defendant's motion is timely because it was made several weeks before the August 26, 2008 scheduled trial date. Additionally, this Court adequately inquired into the defendant's complaints and the attorney-client conflict. This Court provided the defendant with an opportunity to explain all of the reasons why he believed his counsel has not, at this point, adequately represented him. Finally, after considering the defendant's complaints, this Court believes that a sufficiently detrimental breakdown in communication has occurred between the defendant and

his counsel which prevents the presentation of an adequate defense. This Court notes that the record does not show that Mr. Baker has provided ineffective assistance to the defendant during the course of the proceedings in this criminal case. Rather, this Court finds that Mr. Baker has been nothing but diligent and effective in his representation of the defendant.

Accordingly, the motion by defendant's counsel to withdraw as attorney of record is GRANTED AS FRAMED. Specifically, in light of the defendant's stated desire to retain counsel, Mr. Baker shall continue as counsel for the defendant until **August 14, 2008**. At that time, if the defendant has not retained counsel who is qualified and admitted to practice before this Court, then the Court will discharge Mr. Baker. If the Court finds that the defendant is unable to afford counsel at that time, the Court will appoint new counsel for the defendant. Further, the motion to withdraw attorney filed by the defendant is DENIED as an impermissible hybrid motion.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:   July 31, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE