IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal Action No. 5:08CR35
                                      (STAMP)

PATRICK ROBINSON,

    Defendant.

**ORDER DENYING DEFENDANT'S LETTER MOTION
TO REDUCE SENTENCE PURSUANT TO RULE 35(b)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

This Court has received a letter from the defendant, which this Court interprets as a letter motion requesting a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 35(b)(1) states:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

In applying this rule, courts have found that "[a] mere showing of substantial assistance by the defendant is not sufficient to support a reduction in the defendant's sentence without the filing of a motion by the government." United States v. Marshall, 197 F.R.D. 449 (D.C. Kan. 2000). The government has the discretion to file a Rule 35(b) motion, and a court may review the government's refusal to do so for abuse of discretion only if: (1) the government is obligated by a plea agreement to move for such a

departure; or (2) the refusal was based on an unconstitutional motive, such as the defendant's race or religion. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citing Wade v. United States, 504 U.S. 181 (1992)).

The defendant claims that this Court should grant him a reduction in sentence under Rule 35(b) because of substantial assistance he states that he provided relating to potential juror harassment or bribery in the criminal case of United States v. Jesse Morales, Case No. 1:08CR68. The defendant also claims that he was denied his right to have counsel appointed to represent him in the matters concerning the defendant's substantial assistance.

The United States filed a response in opposition to the defendant's motion. The United States observes that the defendant's information was investigated and that no criminal investigation or prosecution of another person resulted from the information provided by the defendant. The United States further observes that the plea agreement it made with the defendant did not include any obligation by the United States to move for a Rule 35 reduction. Indeed, the information the defendant says constituted substantial assistance warranting a Rule 35 reduction of sentence did not become known to the defendant until after he entered his plea of guilty in accordance with the plea agreement. As to the defendant's contention that he was denied his right to counsel, the United States points out that the defendant was not at the time he conveyed the relevant information to the United States the target

2

of or a suspect in a criminal investigation. Consequently, he had no right to counsel.

This Court will not question the value of any assistance which may have been provided by the defendant. Rather, this Court notes that the decision to make a Rule 35(b) motion lies solely with the government. Wade, 504 U.S. at 185; see also Fed. R. Crim. P. 35(b). Thus, this Court lacks the authority to grant a sentence reduction.

Accordingly, for the reasons set forth above, it is ORDERED that the defendant's letter motion for reduction of sentence be, and is hereby, DENIED WITH PREJUDICE. Specifically, to the extent that the letter motion requests a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b), it is DENIED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: June 29, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE